# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-0887V
### Filed: May 17, 2019
UNPUBLISHED

|  |  |
|---|---|
| MICHAEL L. WINTERS,<br><br>                     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Justin Glenn Day, Greg Coleman Law, PC, Knoxville, TN, for petitioner.*
*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

## <u>DECISION ON ATTORNEYS' FEES AND COSTS[1]</u>

**Dorsey,** Chief Special Master:

On June 29, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA"), specifically adhesive capsulitis (frozen shoulder), after receiving the influenza vaccine on October 22, 2014. Petition at 1, ¶¶ 2, 11-12. On July 17, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 37.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 19, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 41.[3]   Petitioner requests attorneys' fees in the amount of $24,747.50 and attorneys' costs in the amount of $943.26.  ECF No. 41-1 at 7 and 9.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  ECF No. 44.  Thus, the total amount requested is $25,690.76.

On March 25, 2019, respondent filed a response to petitioner's motion.  ECF No. 42.  Respondent states that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.      Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

---

[3] Petitioner's motion for attorneys' fees was filed outside the 180 deadline for filing after judgment. The undersigned will l review petitioner's motion and award attorneys' fees and costs as if timely filed but cautions that in the future, petitioner should file a motion for extension of time.

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## II.    Attorneys' Fees

 Upon review of the billing records the undersigned reduces the request for attorneys' fees and costs due to excessive hourly rates, paralegal tasks billed at attorney rates, administrative charges, expert costs and copy charges.

### A.  Hourly Rates

Petitioner requests compensation for the attorneys who worked on his case at the following rates: Justin Day at the rate of $450 per hour for all time worked, Adam A. Edwards at the rate of $550 per hour for all time worked, and Celia F. Hastings at the rate of $400 per hour for all time worked.

 The undersigned finds the requested rates excessive based on their overall legal experience, the quality of work performed, and their lack of experience in the Vaccine Program.  *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).  The undersigned has utilized the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 – 2018 in reviewing and setting appropriate hourly rates in this case. These schedules are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  *See also McCulloch*, 2015 WL 5634323, at *19.

#### i.      Justin G. Day

Mr. Day has been a licensed attorney in Tennessee since November 2014.  ECF No. 45 at 1.  This places him in the range of attorneys' with less than 4 years' experience for time billed in 2015 – 2016 and in the range of attorneys' with 4-7 years' experience for time billed in 2017 and 2018.  Given Mr. Day's inexperience in the Vaccine Program, a reduction of his requested rates is deemed appropriate.[4]  *See McCulloch,* 2015 WL 5634323, at *17.  Mr. Day's rate is based on his firm's standard billing rate which exceeds the appropriate experience ranges on the OSM Forum Hourly Rate Schedule.  ECF No. 53 Ex. 1.  Mr. Day lacks the experience in the Vaccine Program to support the requested rate per the OSM Attorney's Forum Hourly Rate Schedules.   Based on the undersigned's experience and application of the factors discussed in *McCulloch*, Mr. Day's requested hourly rate is reduced to the following:

---

[4] Mr. Day had one prior case in the Vaccine Program.  At the time of this decision a motion for attorneys' fees and costs had not been filed in the previous case. Currently, Mr. Day has two active cases.

- $185 per hour for work performed in 2015
- $200 per hour for work performed in 2016
- $230 per hour for work performed in 2017
- $240 per hour for work performed in 2018

This results in a reduction of reduction of attorneys' fees requested in the amount of **$2,875.50**.[5]

ii.      Adam A. Edwards

As with Mr. Day, attorney Adam A. Edward's requested hourly rate of $550.00 is outside of his experience range in the OSM Hourly Rate Schedule.  Mr. Edwards has been licensed in Tennessee since 2004 which places him in the range of attorneys' with 11 – 19 years' experience through the duration of this case.  Yet, Mr. Edwards has requested a rate that exceeds even the range for attorneys' with over 31 years' experience.  Given that Mr. Edwards appears to have assisted with this case and is not barred in the Court of Federal Claims, a reduction of the requested rate is deemed appropriate.  *See McCulloch*, 2015 WL 5634323, at *17  (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large) .  Based on the undersigned's experience and application of the factors discussed in *McCulloch*, Mr. Edwards hourly rates are reduced to the following rates:

- $300 per hour for work performed in 2015
- $315 per hour for work performed in 2016
- $330 per hour for work performed in 2017
- $345 per hour for work performed in 2018

This results in a reduction of reduction of attorneys' fees requested in the amount of **$3,956.50**.[6]

iii.      Celia F. Hastings

Celia F. Hastings has been a licensed attorney since 1979, placing her in the experience range of attorneys' with over 31 years of experience.  ECF No. 45 at 1.  Although the requested rate falls within the correct experience ranges, it is on the high

---

[5] This amount consists of ($450 - $185 = $265 x 3.5 hrs = $927.50) + ($450 - $200 = $250 x 4 hrs = $1000) + ($450 - $220 = $230 x 3.3 hrs = $759) + ($450 - $240 = $210 x 0.9 hrs = $189) = $2,875.50.

[6] This amount consists of ($550 - $300 = $250 x 13.45 hrs = $3,362.50) + ($550 - $330 = $220 x 2.70 hrs = $594) = $3,956.50.

end of the range for the years 2015 and 2016.  Ms. Hastings was not barred in the Court of Federal Claims during these years and lacks the experience in the Vaccine Program to support the requested rates.  ECF No. 45 at 1.  The undersigned reduces the hourly rate for the years 2015 and 2016 to $385 per hour.  For the years 2017 and 2018, the undersigned shall award the requested rate of $400 per hour.

This results in a reduction of reduction of attorneys' fees requested in the amount of **$15.00**.[7]

## B.  Paralegal Tasks

Upon review of the billing records submitted, several entries are billed at the attorney rate for tasks considered paralegal work.  "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate."  *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009).  "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed."  *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).  Examples of these entries include:

- October 13, 2015 (0.10 hrs) "Letter to PCP for updated medical records"
- February 23, 2017 (0.25 hrs) "Request medical records"
- May 19, 2017 (1.20) "Finish summarizing and Bates stamping medical records"
- February 8, 2018 (1.00 hrs) "re-examine records for Summit Clinic discrepancy; call to Summit; Request for additional records from Tennova by fax"
- March 1, 2018 (0.25 hrs) "Prepare and mail medical records request to Dr. Weast"
- March 19, 2018 (0.50 hrs) "Prepare and file Exhibit 10- Premier Surgical Records"

ECF No. 41-1 at 2-5. [8]

The undersigned reduces the hourly rate on the entries that are considered paralegal to $135.00 per hour. This reduces the request for attorneys' fees in the amount of **$3,377.25**.[9]

---

[7] This amount consists of $400 - $385 x 1 hrs = $15.00.

[8] These are merely examples and not an exhaustive list.

[9] This amount consists of the already reduced hourly rate of ($385 - $135 = $250 x 0.1 hours = $25) and ($400 - $135 = $265 x 12.65 hrs = $3,352.25) = $3,377.25.

C.  Administrative Entries

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative.  In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates."  *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."  *Mostovoy v. Sec'y of Health & Human Servs.,* No. 02-10V, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387) (Fed. Cl. Spec. Mstr. February 4, 2016).  Examples of these entries include:

- October 13, 2015 (0.20 hrs) "Add contacts and open electronic file"
- October 19, 2015 (0.20 hrs) "Scan documents to electronic file"
- November 16, 2017 (0.30 hrs) "Download all court documents to electronic file"
- May 19, 2018 (0.10 hrs) "Receive, review and file court email regarding Docket 32"

ECF No. 41-1 at 2, 4 and 6. [10]

The undersigned reduces the request for attorneys' fees in the amount of **$1,094.00**,[11] the total of the tasks considered administrative.

### III.   Attorneys' Costs

Petitioner requests reimbursement for attorneys' costs in the amount of $943.26.  On March 25, 2019, an order was issued for petitioner to file "[i]nvoices, receipts or other supporting documentation for all requested attorney costs".  ECF No. 43.  On April 9, 2019, petitioner filed the documentation requested in the order.  ECF No. 45.  After reviewing petitioner's invoices, a receipt for medical records in the amount of $28.55 was not included in the receipts submitted.  ECF No. 41-1 at 9.  The undersigned reduces the request for attorneys' costs by **$28.55**.

### IV.   Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

---

[10] These are merely examples and not an exhaustive list.

[11] This amount consists of ($385 x 0.40 hrs = $154) + ($400 x 2.35 hrs = $940) = $1,094.00.  The totals were calculated using the already reduced hourly rates.

| | |
|---|---|
| Requested attorneys' fees: | $24,747.50 |
| Less reduction for Justin G. Day's Rate: | - 2,875.50 |
| Less reduction for Adam A. Edwards' Rate: | - 3,956.50 |
| Less reduction for Celia F. Hastings' Rate: | -      15.00 |
| Less reduction for Paralegal Rates: | - 3,377.25 |
| Less entries considered administrative: | - 1,094.00 |
| **Adjusted Fees Total:** | **$13,429.25** |
| Requested attorneys' costs: | $943.26 |
| Reductions | - 28.55 |
| **Adjusted Costs Total:** | **$914.71** |
| **Total Attorneys' Fees and Costs Awarded:** | **$14,343.96** |

Accordingly, the undersigned awards the total of **$14,343.96**[12] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, **Justin Glenn Day.**

The clerk of the court shall enter judgment in accordance herewith.[13]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[12] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally, Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[13] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.